UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF MICHIGAN

BRIAN CHURCH,

                Plaintiff,

v.

Case No. 20-cv-

INDUSTRIAL CONTROL REPAIR, INC.,

                Defendant.
_____/
ERIC STEMPIEN (P58703)
STEMPIEN LAW, PLLC
Attorneys for Plaintiff
38701 Seven Mile Rd., Suite 130
Livonia, MI 48152
(734)744-0022
eric@stempien.com
_____/

**COMPLAINT AND JURY DEMAND**

    Plaintiff, Brian Church, by and through his attorneys, Stempien Law, PLLC, hereby complains against Defendant Industrial Control Repair, Inc. and in support thereof states:

1. Plaintiff Brian Church ("Church" or "Plaintiff") is a resident of the City of Holly, Oakland County, Michigan.

2. Defendant Industrial Control Repair, Inc. ("ICR" or "Defendant") is a Michigan corporation with its principal place of business located in the City of Warren, Macomb County, Michigan.

3. Jurisdiction is vested with this Court pursuant to 29 USC §201, et seq. and 28 USC §1331.

4. This Court has supplemental jurisdiction of Plaintiff's state law claims pursuant to 28 USC §1367.

5. The events giving rise to this litigation occurred in Oakland County and Macomb County, Michigan.

6. Church was employed with ICR until February 2020.

## GENERAL ALLEGATIONS

*FLSA Violation:*

7. On January 1, 2019, Church and ICR entered into an employment agreement that provided that Church would be paid an annual salary of $110,000.00 plus a 2.5% commission on the net profits from ICR's Plant and Field Service segments.

8. ICR has failed, neglected and refused to pay Church his salary and commissions in violation of the Fair Labor Standards Act ("FLSA").

9. On or about January 31, 2020, ICR laid Church off from his employment with ICR.

10. This layoff was involuntary.

11. After the layoff, ICR offered Church an alleged opportunity to obtain partial ownership in a new, yet to be formed, company that ICR was trying to establish.

12. During the month of February 2020, Church performed work that was intended to benefit ICR, not the yet to be formed company.

13. The work performed by Church during the month of February 2020 did benefit ICR.

14. The work that Church performed in February 2020 was not for the benefit of the yet to be formed company, but only for the benefit of ICR.

15. Despite the fact that ICR required and requested that Church perform work during February 2020 to benefit ICR, ICR never paid Church for his work.

16. ICR further failed, refused and neglected to pay Church the commissions owed to him for 2019 and 2020.

*Tortious Interference with Business Relationship:*

17. On or about July 17, 2017, ICR and Church entered into a purported noncompetition and non-solicitation agreement ("the agreement")

18. The agreement is not valid and enforceable under Michigan law.

19. Further, the agreement specifically provides that ICR is obligated to allow Church to work for a competitive entity if he was laid off due to a lack of work and not for performance reasons.

20. Church was laid off for lack of work and not for performance reasons.

21. Therefore, ICR is obligated to allow Church to work for a competitive entity.

22. In or about March 2020, Church became employed with LJ, Inc.

23. ICR alleges that LJ, Inc. is a competitive entity to ICR.

24. ICR has demanded, encouraged and requested that LJ, Inc. discharge Church from his employment.

25. ICR has no legal or factual basis to interfere with Church's contract or business relationship with LJ, Inc.

26. Further, the agreement is unenforceable because ICR committed the first material breach of the parties' contract, thereby excusing Church's performance.

## COUNT I
## VIOLATION OF FLSA

27. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

28. Pursuant to 29 USC §206(a), ICR is required to pay all of its employees a certain hourly wage to all of its employees who in any workweek is engaged in commerce or is employed in an enterprise engaged in commerce.

29. ICR failed to pay Church for time in which he was engaged in commerce; specifically ICR has failed, refused and neglected to pay Church for the time that he worked in February 2020, as well as failed, refused and neglected to

pay Church the commissions owed to him pursuant to his employment agreement.

30. As a direct and proximate result of ICR's violation of the FLSA, Church has suffered damages, including, but not limited to: lost past and future wages, lost commissions, and attorney fees.

## COUNT II
## BREACH OF CONTRACT

31. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

32. ICR has breached its contract with Church by failing to pay him all wages and commissions owed pursuant to the parties' employment contract.

33. As a direct and proximate result of ICR's breach of contract, Church has suffered damages as fully set forth in paragraph 30 of this Complaint.

## COUNT III
## TORTIOUS INTERFERENCE WITH CONTRACT
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIP

34. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

35. ICR has communicated to LJ, Inc., its owners, officers and directors in an attempt to have LJ, Inc. discharge Church from his employment.

36. Church's employment with LJ, Inc. had a reasonable likelihood of future economic benefit for Church.

37. ICR knew of Church's contract and/or business relationship with LJ, Inc.

38. Through the conduct described above, ICR improperly and intentionally interfered with the business expectancy and relationship between LJ, Inc. and Church.

39. ICR's conduct described above was intended to, and did, interfere with the contract, business expectancies and business relationship between Church and LJ, Inc.

40. As a direct and proximate result of ICR's tortious interference with a contract/tortious interference with a business expectancy, Church suffered damages, including, but not limited to: lost business expectancy, lost wages, lost income, lost commissions and emotional distress.

## COUNT IV
## DECLARATORY RELIEF

41. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint as if fully set forth herein.

42. The purported noncompetition and non-solicitation agreement is so vague and ambiguous so as to be unenforceable and invalid.

43. The purported noncompetition and non-solicitation agreement is void.

44. The purported noncompetition and non-solicitation agreement is not reasonable as to its duration, geographic area, and the type of employment or

line of business, and therefore is invalid and unenforceable pursuant to MCL 445.774a.

45. The purported noncompetition and non-solicitation agreement is not designed to protect ICR's reasonable business interests and therefore is invalid and unenforceable pursuant to MCL 445.774a.

46. Church is in full compliance with the provisions of the purported noncompetition agreement.

WHEREFORE, Plaintiff Brian Church prays that this Honorable Court grant the following relief:

a. Enter a judgment declaring that the July 17, 2017 noncompetition and non-solicitation agreement is invalid, unenforceable and null and void;
b. Alternatively, enter a judgment declaring that Plaintiff Brian Church is in full compliance with the July 17, 2017 noncompetition and non-solicitation agreement;
c. Enter a preliminary and permanent injunction against Defendant Industrial Control Repair, Inc. enjoining it from enforcing the July 17, 2017 noncompetition and non-solicitation agreement;
d. Enter a money judgment in favor of Plaintiff Brian Church against Defendant Industrial Control Repair, Inc. in an amount that this Court deems fair and just, plus costs, interest and attorney fees as allowed by statute.

## JURY DEMAND

Plaintiff Brian Church hereby demands a trial by jury of the within cause.

STEMPIEN LAW, PLLC

*/s/ Eric Stempien*
By: Eric Stempien (P58703)
Attorney for Plaintiff

Dated: September 25, 2020